```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARIE W. DANIEL,
```

|                          |                                         |
|--------------------------|-----------------------------------------|
| Plaintiff,               | **REPORT AND RECOMMENDATION**           |
| -against-                | CV 08-1455 (JFB)(ARL)                   |

```
LONG ISLAND HOUSING PARTNERSHIP,
INC., et al.,

                        Defendants.
----------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

Before the court is the defendants' letters dated May 26, 2010, and June 17, 2010, indicating that the plaintiff has not complied with the undersigned's orders that she respond to outstanding discovery requests. The defendants request that this action be dismissed as abandoned.

The plaintiff filed her complaint in April 2008. In March 2009, District Judge Bianco granted the defendants' motion to dismiss and referred the plaintiff's remaining two causes of action for discovery. In July 2009, the court issued an initial conference order and a proposed schedule. In response, the plaintiff sought to stay discovery pending her ultimately unsuccessful interlocutory appeal of Judge Bianco's order. Although the court did not grant the plaintiff's motion to stay and the defendants reminded her by letter about the conference, she failed to appear. The court then ordered plaintiff to show cause in person, and warned that her failure to appear would result in a recommendation that the case be dismissed for her failure to prosecute. The plaintiff appeared in person and consented to a discovery deadline of March 2, 2010.

In February 2010, the plaintiff submitted a letter seeking for the discovery deadline to be extended. The defendants did not object to the extension, but noted that the plaintiff had not responded to their discovery demands. The court granted the plaintiff's request and extended the discovery deadline to April 14, 2010. By letter dated April 5, 2010, the defendants indicated that their attempts to receive discovery responses from the plaintiff had not progressed. On April 22, 2010, and out of an abundance of caution, the court granted the plaintiff one final opportunity to comply with her discovery obligations. The plaintiff was ordered to respond to the defendants' interrogatories and requests for medical authorizations no later than May 21, 2010. The plaintiff was warned that her failure to comply with the court's order would result in the undersigned issuing a report recommending dismissal for failure to prosecute. By their recent letters, the defendants indicate that the plaintiff has still not responded to the outstanding requests, which were first served in September 2009. The defendants also note that the plaintiff has not responded to numerous recent telephone calls and letters.

Federal Rule of Civil Procedure 41(b) provides a district court with "the authority to dismiss a plaintiff's case sua sponte for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). "Although pro se litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citations and internal quotation marks omitted). It is especially true that pro se litigants bear the obligation to comply with procedural rules when the rules, such as deadlines to act, can easily be understood and appreciated without a legal education. *See Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (citations omitted).

Pursuant to the factors set forth in *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206 (2d Cir. 2001), dismissal of the plaintiff's action is appropriate. The undersigned has provided the plaintiff with repeated and longstanding opportunities to comply with the court's orders. Despite being given nearly one year to respond to the defendants' discovery requests, she has still failed to do so. This has resulted in prejudice to the defendants and a tax of the court's resources. The plaintiff has not provided an excuse for her continuing failure to abide by the court's orders. Given the multiple extensions already provided, the undersigned is persuaded that any lesser sanction than dismissal would merely result in further prejudice to the defendants and a further tax on the court's resources. Accordingly, the undersigned respectfully recommends that the foregoing action be dismissed for the plaintiff's failure to prosecute pursuant to Rule 41(b).

A copy of this Report and Recommendation will be sent to the plaintiff at her last-known address. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: June 22, 2010
      Central Islip, New York

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge