UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARIE W. DANIEL,

        Plaintiff,

             – against –

LONG ISLAND HOUSING PARTNERSHIP, Inc.
et al.,
        Defendants.
----------------------------------X

**ORDER**
08-CV-1455 (JFB) (ARL)

JOSEPH F. BIANCO, District Judge:

Plaintiff filed the complaint in this action on April 9, 2008. On March 13, 2009, this Court granted defendants' motion to dismiss four of plaintiff's causes of action. The parties proceeded to discovery on plaintiff's remaining two claims. In July 2009, Magistrate Judge Lindsay issued an initial conference order and a proposed discovery schedule. According to the June 22, 2010 Report & Recommendation of Judge Lindsay, which recommends dismissing this action for failure to prosecute, and as reflected in the docket sheet, plaintiff has continually sought to delay discovery in this matter. She has failed to respond to defendants' discovery requests, telephone calls, and letters. Plaintiff filed objections to the Report & Recommendation of Judge Lindsay on July 13, 2010. In her objections to Judge Lindsay's Report & Recommendation, plaintiff reiterated her contention that she believes that another district judge, who was previously assigned to this case, engaged in conduct prejudicial to the administration of the business of the courts. Plaintiff asserted that she has filed a judicial misconduct complaint against the judge with the U.S. Court of Appeals for the Second Circuit, and is currently awaiting the results of that proceeding. It appeared to the Court that plaintiff erroneously believed that the fact that she has filed a grievance against the judge, which is currently

pending, stays the instant action. Accordingly, by Order dated July 15, 2010, the Court made clear to the plaintiff that the instant lawsuit is not stayed while her grievance regarding the prior judge on the case is pending, and that she must comply with this Court's Order to avoid dismissal of her case for failure to prosecute. Thus, the Court warned plaintiff one final time that failure to comply with its Order to proceed with discovery would result in this Court adopting Judge Lindsay's Report & Recommendation to dismiss the instant action for failure to prosecute. On July 15, 2010, this Court ordered plaintiff to provide meaningful responses to defendants' discovery requests by August 20, 2010. By letter dated August 30, 2010, defendants informed the Court that plaintiff had failed to provide responses to their discovery requests by that date and renewed their motion that the case be dismissed for failure to prosecute. Accordingly, for the reasons set forth below, therefore, the Court adopts the Report & Recommendation of Magistrate Judge Lindsay and dismisses plaintiff's complaint for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link*, 370 U.S. at 633); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in

prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives . . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of N.Y.*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'" (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981))).

Here, plaintiff has continually sought to delay discovery in this matter. She has failed to respond to defendants' discovery requests, telephone calls, and letters, as directed by the Court. Thus, plaintiff has disregarded orders of the Court and has shown no interest in continuing with this action. Moreover, plaintiff was given explicit notice by the Court that her lawsuit would be dismissed if she failed to comply with the Court's directive. Under these circumstances, no sanction

less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case.

In sum, dismissal for failure to prosecute is clearly warranted. This case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall enter judgment and close this case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2010
Central Islip, NY